IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Meow Meow Productions, LLC, et al.,

      Plaintiffs,

  v.                                   Case No. 2:03-cv-1233

Triple Crown Publications, LLC, et al.,         JUDGE SMITH

      Defendants.

ORDER

This action is before the Court on defendants Triple Crown Publications' and Vickie Stringer's May 5, 2005 motion for sanctions against counsel for Plaintiffs under Fed. R. Civ. P. 26(g). On March 15, 2005, before the parties held a Rule 26(f) discovery conference, counsel for Plaintiffs signed and issued a subpoena to PayPal, Inc. which is the holder of Defendants' electronic book order records. The subpoena was not served on counsel for Defendants. For the following reasons, Defendants' motion for sanctions will be granted.

Rule 26(g)(2) provides that:

> Every discovery request . . . made by a party represented by an attorney shall be signed by at least one attorney of record. . . . The signature of the attorney . . . constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request . . . is:
>
> > (A) consistent with these rules and warranted by existing law or a good

1

>faith argument for the extension, modification, or reversal of existing law;
>
>(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
>
>(C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

The Court concludes that counsel's signature on the subpoena constitutes a "certification" within the meaning of Rule 26. See Fed. R. Civ. P. 26(g)(2). Defendants contend that counsel's signing and issuance of the subpoena violates Rule 26(g)(2) for two reasons. First, the subpoena was signed and issued prior to the opening of discovery. See Fed. R. Civ. P. 26(d). Second, the subpoena was not served on counsel for Defendants. See Fed. R. Civ. P. 45(b)(1).

Rule 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." There does not appear to be any dispute that the parties had not conferred in a Rule 26(f) conference prior to Plaintiffs' counsel signing and issuing the subpoena to PayPal. In fact, counsel for Plaintiffs acknowledges that he signed and issued the subpoena before the opening of discovery. See Plaintiffs' Response at 3. Therefore, as a discovery request, the signed subpoena was issued in violation of Rule 26(d). Thus, it was issued in a manner "not consistent with [the Federal Rules of Civil Procedure]" which violates Rule 26(g)(2)(A).

Rule 45(b)(1) provides that "[p]rior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)."  Counsel for Defendants claims he did not become aware of the subpoena until after it was filed in this case.  Counsel for Plaintiffs acknowledges that the subpoena was not filed until after PayPal had partially complied with it.  See Plaintiffs' Response at 3.  Consequently, there does not appear to be any dispute that counsel for Defendants was not served with the subpoena and did not have an opportunity to object to it prior to PayPal's compliance with the request.  See Allender v. Raytheon Aircraft Co., 220 F.R.D. 661, 664 (D. Kan. 2004)(explaining that the purpose of the notice requirement is to give counsel the opportunity to object).  Therefore, as a discovery request, the signed subpoena was issued in violation of Rule 45(b)(1).  Thus, it was issued in a manner "not consistent with [the Federal Rules of Civil Procedure]" which is in violation of Rule 26(g)(2)(A).

In the event of a violation of Rule 26(g)(2), a court "shall impose upon the person who made the certification, the party on whose behalf the . . . request . . . is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee."  Fed. R. Civ. P. 26(g)(3).  Because the Court has determined that counsel for Plaintiffs violated Rule 26(g)(2), sanctions are appropriate.  See PLX, Inc. v. Protosystems, Inc., 220 F.R.D. 291, 299 (N.D. W. Va. 2004)(explaining that "Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner").  In this case, Defendants seek recovery of attorney fees incurred as a result of the violation.  The Court concludes that an award of attorney fees is appropriate.  Therefore, Defendants' motion for

sanctions (file doc. #65) is GRANTED.  Within 10 days of the date of this Order, counsel for Defendants shall submit both an affidavit attesting to and itemized schedule of attorney fees incurred as a result of the violation.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge