UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Meow Meow Productions, LLC,** *et al.***,**

    **Plaintiffs,**

**-V-**　　　　　　　　　　　　　　　　　　　　　**Case No. 2:03-cv-01233**
　　　　　　　　　　　　　　　　　　　　　　　　**JUDGE SMITH**
　　　　　　　　　　　　　　　　　　　　　　　　**Magistrate Judge Kemp**

**Triple Crown Publications, LLC,** *et al.***,**

    **Defendants.**

### ORDER

This order will address the remaining motions in this case: (1) plaintiffs' counsel's motion for leave to file surreply instanter (Doc. 80); (2) plaintiffs' counsel's motion to vacate order of sanctions of August 23, 2005 (Doc. 82); and (3) the motion of defendants Triple Crown Publications ("Triple Crown") and Vickie Stringer for enforcement of the order of sanctions (Doc. 84).

Plaintiffs' motion for leave to file surreply is moot, and it is therefore **DENIED**.

The remaining two motions both concern the Magistrate

1

Judge's order of August 23, 2005 that awarded sanctions against counsel for plaintiffs and in favor of Triple Crown and Vickie Stringer in the amount of $1,389.42. The Magistrate Judge's August 23, 2005 award of sanctions followed the Magistrate Judge's June 24, 2005 order granting Triple Crown's and Vickie Stringer's motion for sanctions under Fed. R. Civ. P. 26(f). In his June 24, 2005 order, the Magistrate Judge found that plaintiffs' counsel had violated Fed. R. Civ. P. 26(d) by seeking discovery from a nonparty before the parties conferred as required by Fed. R. Civ. P. 26(f), and violated Fed. R. Civ. P. 45(b)(1) by seeking the discovery without providing prior notice. Plaintiffs' counsel did not file any timely objections to the Magistrate Judge's June 24, 2005 order granting the motion for sanctions, or the Magistrate Judge's August 23, 2005 order awarding sanctions.

On August 24, 2005, plaintiffs moved to dismiss all claims against all defendants without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). On August 24, 2005, the Court granted plaintiffs' motion to dismiss.

On September 22, 2005, plaintiffs' counsel filed a motion to for relief from the order awarding sanctions under Fed. R. Civ. P. 60(b)(5) and (6). In the motion, plaintiffs' counsel

argues that because the Court granted plaintiffs' motion to voluntarily dismiss all claims, the Court no longer has jurisdiction to enforce the award of sanctions, and that in any event the purpose of the sanctions award was fulfilled by the voluntary dismissal.  On October 4, 2005, Triple Crown and Vickie Stringer filed a response in opposition to plaintiffs' counsels' motion for relief, as well as their own motion to enforce the award of sanctions.

Plaintiffs' counsels' argument that the Court lost its jurisdiction to enforce the sanctions award merits little, if any, discussion:

> It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. See 28 U.S.C. § 1919. This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." <u>Sprague v. Ticonic National Bank</u>, 307 U.S. 161, 170, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939). Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. <u>White v. New Hampshire Dept. of Employment Security</u>, 455 U.S. 445, 451, n. 13, 102 S.Ct. 1162, 1166, n. 13, 71 L.Ed.2d 325 (1982).

<u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 395-96 (1990). Simply stated, plaintiffs' counsels' contention that the Court no longer has jurisdiction to enforce the sanctions award flies in the

3

face of clearly established precedent. The Court therefore rejects the argument.

Plaintiffs' counsel also argues that the sanctions award is no longer necessary in light of the dismissal of plaintiffs' claims. The Court disagrees. Plaintiffs' counsel failed to adhere to the plain language of Fed. R. Civ. P. 26(d) and 45(b)(1). The Court finds that the voluntary dismissal does not satisfy the deterrent effect of the sanctions award. For these reasons, the Court **DENIES** the motion of plaintiffs' counsel for relief from the award of sanctions, and **GRANTS** the motion of Triple Crown and Vickie Stringer to enforce the sanctions award.

The Court reaffirms the Magistrate Judge's August 23, 2005 order awarding sanctions against counsel for plaintiffs and in favor of Triple Crown and Vickie Stringer in the amount of $1,389.42. The Court further awards Triple Crown and Vickie Stringer reasonable attorney fees and costs associated with seeking enforcement of the sanction award and opposing plaintiffs' counsel's motion for relief in the amount of $2,060.00.[1]

Plaintiffs' counsel shall pay Triple Crown and Vickie Stringer a total of $3449.42 within thirty days after the date of

---

[1] At no point has plaintiffs' counsel argued that the fees and costs Triple Crown and Vickie Stringer seek are unreasonable. The Court deems such an argument to have been waived.

this order.  Failure to timely comply with this order will result in the imposition of additional sanctions.  The filing of any additional motions will not toll or extend the thirty-day deadline.

The Clerk shall remove Doc. 80, Doc. 82 and Doc. 84 from the Court's pending CJRA motions list.

      **IT IS SO ORDERED.**

       /s/ George C. Smith
      **GEORGE C. SMITH, JUDGE**
      **UNITED STATES DISTRICT COURT**